IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

JOSE S. FORTY ESTREMERA,

    Defendant.

CRIMINAL NO. 91-299 (RLA)

### ORDER GRANTING DEFENDANT'S MOTION FOR RESENTENCING

    The Court has before it defendant JOSE FORTY ESTREMERA's Motion to Reduce Sentence (docket No. 1653), which the Government has opposed (docket No. 1654).[1] After careful consideration of the arguments asserted in the pleadings, the Court GRANTS defendant's motion to resentence for the reasons set forth below.

BACKGROUND

    The details of this case can be gleaned from <u>United States v. Levy Cordero</u>, 67 F.3d 1002 (1st Cir. 1995); <u>cert. denied</u>, <u>sub nom. Forty Estremera v. United States</u>, 517 U.S. 1162 (1996).

    JOSE FORTY ESTREMERA was convicted and sentenced on September 10, 1993 of one count of conspiracy; two counts of importing marijuana; two counts of possessing marijuana with intent to distribute; ten counts of importing cocaine; ten counts of possessing cocaine with intent to distribute; and one count of attempting to import cocaine, and aiding and abetting, all in violation of 21 U.S.C. §§ 846, 841(a)(1), 963, 952 and 18 U.S.C. § 2.

---

[1] <u>See also</u> Defendant's Reply (docket No. 1655).

**CRIMINAL NO. 91-299 (RLA)**                                                                 **Page 2**

---

Pursuant to the then applicable United States Sentencing Guidelines (USSG), the Presentence Report (PSR) reached a base offense level of 42 due to a drug quantity greater than 1,500 kilograms of cocaine and imposed adjustments for his supervisory role in the conspiracy and obstruction of justice pursuant to USSG § 3B1.1(b) and 3C1.1, respectively. An adjusted offense level of 47 combined with defendant's criminal history Category of I yielded a guideline range which mandated a sentence of life imprisonment.

The Court adopted the recommendations of the PSR and sentenced FORTY ESTREMERA, then 32 years of age, to life in prison. At sentencing, the Court noted its misgivings about the sentence it was about to impose:

> The Court finds this case in particular distressing for him personally. The Court has sentenced many individuals over a period of years, but finds it particularly distressing because of the fact that it involved so many individuals, many of whom, if not most, came from good family backgrounds. They were not criminals in the ordinary sense of that word. And that's why I respond, psychologically, to Mr. Inserni's comments that his client is not a murderer,[2] because before the guidelines when sentencings were imposed these sort of things were taken into account, the fact that an individual, you know, was not the type of person who was killing people, for which a life sentence is the normal response. However, the people by way of the Congress has deemed it, in its wisdom, to view the narcotic trade as

---

[2] "He is not a murderer. And murderers get life sentences, Your Honor, you know. Rapists. And I'm not saying that--Your Honor, drug smugglers should also be punished. Okay. I'm not saying they shouldn't, but I'm just saying Mr. Jose Samuel Forty Estremera, as an individual, is not the type of person that shoudld [sic] come out of prison in a casket." (Sentencing hearing transcript, September 10, 1993, p.18)

> something completely heinous and as affecting the very fabric of society and indeed killing people. We've heard and read many times about overdoses. So, there is a killing in that sense, although indirect.
>
> I'm sure Mr. Forty would be the last person in the world to go up to a person and inject him with an overdose of cocaine and kill him. I don't believe he would ever think of doing that.
>
> . . .
>
> In any event I don't want to make a big speech about this thing. I just want to tell you that I, as a judge, under the sentencing guidelines have very little power with respect to sentencing. I have to make findings. I've made my findings under the law. I made them as fair as I could. We've had motions. We've had hearings. We've had testimony. And under the law and good conscious [sic] I've had to make the rulings that I've had to make. And based on that, I had to apply or have to apply the guidelines as written.

(Sentencing hearing transcript, September 10, 1993, pp. 26-27).

One year after FORTY's sentence, the United States Sentencing Commission lowered the maximum drug-quantity-determined base offense level from 42 to 38. USSG App.C. Vol. I, Amendment 505 (Nov. 2006)(amendment effective Nov. 1, 1994).[3] In 1995, the Commission made Amendment 505 retroactive by including it in the list of amendments that authorize a reduction in the term of imprisonment as a result of an amended guideline range. See USSG § 1B1.10(c) and 18 U.S.C. § 3582(c)(2).

USSG § 1B1.10(a), in pertinent part, provides as follows:

> (2) Where a defendant is serving a term of imprisonment, and the guideline range applicable to that

---

[3] Amendment 536 made Amendment 505 effective Nov. 1, 1995. We shall refer henceforth only to Amendment 505.

**CRIMINAL NO. 91-299 (RLA)**                                                              **Page 4**

---

> defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2).
>
> In turn, 18 U.S.C. § 3582(c)(2) provides as follows:
>
> (c) **Modification of an imposed term of imprisonment** -- The court may not modify a term of imprisonment once it has been imposed except that-
>     (1) in any case-
>         (A)---
>         (B)---
>     (2) in a case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has been subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. s 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

FORTY has asked us to schedule a new sentencing hearing, order a new Presentence Report and resentence him as allowed by Section 3582(c)(2). See docket No. 1653. Defendant also entreats us to apply United States v. Booker, 543 U.S. 220 (2005) in his resentencing. See defendant's reply, docket No. 1653 at p.2 ("The question presented here is: whether the U.S. vs.[sic] Booker requirement that the district court treat the United States Sentencing Guidelines as advisory applies to the resentencing of petitioner pursuant to 18 U.S.C. § 3582(c)").

In its Response, the United States acknowledged that the application of Amendment 505 is in order. See Government's response, docket No. 1654 at p.4. ("It is true that application of amendments

**CRIMINAL NO. 91-299 (RLA)**                                                              **Page 5**

505 and 536 would reduce Forty's *base* level under USSG § 2D1.1 by four levels, from 42 to 38."). Nonetheless, it argued that FORTY's offense level at resentencing would not change because application of the adjustments for supervisory role and obstruction of justice totaling five levels in accordance with sections 3B1.1 and 3C1.1, would, in any event, yield an adjusted guideline range of 43, which range would still call for life imprisonment according to the U.S. Sentencing Guidelines' Sentencing Table. This position misinterprets defendant's argument, who in essence is asserting that when this court reconsiders his sentence pursuant to § 3582(c)(2) -- in a proceeding that occurs *solely* because the Sentencing Commission lowered the applicable sentencing range -- the court should have discretion to impose a non-guidelines sentence. See, e.g., United States v. Hicks, 472 F.3d 1167, 1171 (9th Cir. 2007).

### DISCUSSION

1. Applying Booker is in accord with the requirement that courts apply the current version of the Sentencing Guidelines in effect on the date of resentencing.

It is well settled that absent an *ex post facto* problem, the district court must apply the version of the Sentencing Guidelines in effect on the date of resentencing. United States v. Mateo-Espejo, 426 F.3d 508, 510, Note 1 (1st Cir. 2005) (citing United States v. Harotunian, 920 F.2d 1040, 1041-42 (1st Cir. 1990). This echoes the policy statement in the Guidelines Manual, that "[t]he court shall use the Guidelines Manual in effect on the date that the defendant is

**CRIMINAL NO. 91-299 (RLA)**                                                         **Page 6**

sentenced[,] unless doing so would violate the *ex post facto* clause. USSG § 1B1.11(a) & (b)(2).

Here, Booker's advisory regime will be the "version of the Sentencing Guidelines in effect" on the date of Mr. Forty's resentencing. These Guidelines will necessarily include judicial interpretations by the Supreme Court, of the "constitutional requirement that creates fundamental change" to the legal framework in question; a requirement of such magnitude that it rendered the Guidelines advisory only. Booker, 543 U.S. at 248. Therefore, an imposition of a Guidelines sentence here without applying their newly advisory role would be violative of the established principle that the Guidelines as they exist at the time of resentencing is the version to be applied.

2. Booker applies to § 3582(c)(2) resentencing.

The Supreme Court in Booker explicitly stated that "as by now should be clear [a] mandatory system is no longer an open choice" Booker, 543 U.S. at 263. Moreover, Booker emphasized that the Sentencing Guidelines could not be construed as mandatory in one context and advisory in another: "[W]e believe that Congress would not have authorized a mandatory system in some cases and a non-mandatory system in others, given the complexities that such a system would create. Id., at 266. Indeed, district courts are now endowed with the discretion to obviate Application Note 2. of Section 1B1.10(b) of the Guidelines which states that:

**CRIMINAL NO. 91-299 (RLA)**                                                          **Page 7**

> [i]n determining the amended guideline range under subsection (b), the court shall substitute only the amendments listed in subsection (c) for the corresponding guideline provisions that were applied when the defendant was sentenced. **All other guideline application decisions remain unaffected**.

(emphasis added).

Therefore, since Booker excised the statutes that made the Guidelines mandatory and mandatory guidelines no longer exist, this Court is free to resentence FORTY accordingly. See, e.g., United States v. Hicks, 472 F.3d 1167, 1171-72 (9th Cir. 2007) ("*Booker*... provides a constitutional standard which courts may not ignore.... [T]o the extent that the policy statements are inconsistent with *Booker*, the policy statements must give way"). Cf. Cirilo Muñoz v. United States, 404 F.3d 527, 533, n.7 (1st Cir. 2005)(noting that several courts of appeals have said that the advisory guidelines regime is to be used after Booker in resentencing even when the remands for resentencing are not caused by Booker error).

This Court is mindful that Booker does not mean that judges are now free to impose any sentence they want and that while Booker has increased a sentencing court's discretion, that discretion is not without limits. Therefore, at defendant's resentencing hearing, we will begin by calculating the applicable guideline range. Once that is established, we will evaluate the factors set forth in 18 § 3553(a) to determine whether or not a guideline or non-guideline sentence is warranted. See, United States v. Gilman, 478 F.3d 440, 444 (1st Cir. 2007) (citing United States v. Jimenez-Beltre, 440 F.3d

**CRIMINAL NO. 91-299 (RLA)** **Page 8**

---

514, 518-19 (1st Cir. 2006)(*en banc*)) and <u>United States v. Thurston</u>, 456 F.3d 211, 215 (1st Cir. 2006).

Having determined that MR. FORTY is eligible for resentencing pursuant to 18 U.S.C. § 3582(c)(2)[4] and further eligible to the application of the <u>Booker</u> advisory regime to his sentence, it is hereby ORDERED that the U.S. Marshal shall transfer the person of JOSE S. FORTY ESTREMERA to this jurisdiction **no later than August 17, 2007,** for resentencing by this Court.

It is FURTHER ORDERED that the U.S. Probation Office shall prepare an updated Presentence Report **no later than August 27, 2007,** which shall set forth the status, conduct, and past history of defendant JOSE FORTY ESTREMERA from the time he came under the supervision of the Bureau of Prisons.

A SENTENCING HEARING is hereby scheduled for **September 17, 2007, at 10:00 a.m.**

IT IS SO ORDERED.

San Juan, Puerto Rico, this 1st day of August, 2007.

S/Raymond L. Acosta
RAYMOND L. ACOSTA
United States District Judge

---

[4] Defendant previously filed a motion to recall the mandate of the Court of Appeals (<u>see</u> docket No. 1649 and government's opposition, docket No. 1652). In light of our decision today, we do not reach the merits of this motion.